Michael STAADT, Petitioner–Appellant,

v.

Mark A. BEZY, Respondent–Appellee.

No. 04–2942.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 16, 2004.

Michael W. Staadt, Terre Haute, IN, pro se.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, KANNE, and SYKES, Circuit Judges.

## ORDER

Michael Staadt filed a petition for habeas corpus, 28 U.S.C. § 2241(c)(3), requesting that the Bureau of Prisons (BOP) consider placing him in a Community Corrections Center (CCC) to serve the last six months of his sentence. He contends that under prior BOP policy he was eligible for placement in a CCC during the last six months of his sentence but under current BOP policy he is not eligible for placement until he begins serving the last ten percent of his nine-month sentence. Staadt argues in favor of the older policy. The district court concluded that in following its older policy the BOP had exceeded its authority under 18 U.S.C. § 3621(b) to designate a place of imprisonment for inmates. The court adopted the reasoning of *Loeffler v. Menifee*, 326 F.Supp.2d 454, 459–60 (S.D.N.Y. 2004), that a CCC is not sufficiently restrictive to be considered a place of im-

---

* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

prisonment under section 3621(b), and so under 18 U.S.C. § 3624(c), federal inmates are not eligible for placement in a CCC until service of the last ten percent of their sentence. The district court denied Staadt's petition and dismissed it with prejudice. Staadt appeals that ruling, but we do not reach the merits of the district court's decision.

 After the district court issued its judgment, we decided in *Richmond v. Scibana*, 387 F.3d 602 (7th Cir.2004), that a prisoner may not use § 2241 to claim that the BOP should consider placing him in a CCC. *Id.* at 605–06. Such a claim is a challenge to the rules affecting the conditions of custody, and federal prisoners must challenge those rules under the Administrative Procedure Act, 5 U.S.C. § 702. *See Richmond*, 387 F.3d at 605–06.

 We said in *Richmond* that it might be appropriate to remand a case such as this and give the litigant an opportunity to convert his suit, but here a remand would be futile. Under the exhaustion requirement of the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a), Staadt would be required to prove that he exhausted his administrative remedies. *See Richmond*, 387 F.3d at 606. Staadt said in his petition that he utilized the first two levels of his administrative remedies. There were, however, more than two levels available to him. *See* 28 C.F.R. § 542.13 to 542.15 (describing informal resolution, initial filing, and multiple levels of appeals available to inmates). If Staadt were to convert his suit into one under the APA, the district court would have to dismiss it for failure to exhaust administrative remedies.

Because the district court reached the merits of Staadt's claim and dismissed it with prejudice, we MODIFY that disposi-tion to be a dismissal without prejudice and AFFIRM as modified.